IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN EMERINE, | Case No. 4:18-CV-2079 |
| Petitioner, | JUDGE JAMES S. GWIN |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| BRIGHAM SLOAN, Warden, | |
| Respondent. | **REPORT & RECOMMENDATION** |

### I. Introduction

Petitioner, Jonathan Emerine, an Ohio prisoner serving an aggregate prison term of 31 and one-half years to life for rape and gross sexual imposition, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on September 11, 2018. Respondent, Warden Brigham Sloan,[1] has moved to dismiss Emerine's petition, because Emerine has failed to exhaust state court remedies on his Ground Four claim for relief. ECF Doc. 5. In response, Emerine has moved to stay proceedings on his petition and requests we hold his petition in abeyance. ECF Doc. 6.

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Emerine's petition and other case-dispositive motions. Because Emerine failed to exhaust state remedies on his Ground Four claim for relief, and because the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of

---

[1] Brigham Sloan is Warden of Lake Erie Correctional Institution, where Emerine is incarcerated. ECF Doc. 1 Page ID# 1.

limitations would not prevent Emerine from filing a new petition asserting all of his claims after his state post-conviction proceedings are completed, I recommend that the court GRANT Sloan's motion to dismiss and DENY Emerine's motion to stay.

## II. Procedural History

### A. State Conviction

On September 4, 2015, a Trumbull County, Ohio grand jury indicted Emerine on three counts of gross sexual imposition, in violation of Ohio Rev. Code § 2907.05(A)(4) and (C)(2), and one count of rape, in violation of Ohio Rev. Code §§ 2907.02(A)(1)(b), (B) and 2971.03(B)(1)(c). ECF Doc. 5-1 at Ex. 1, Page ID# 43–46.  After a trial, a jury found Emerine guilty of all counts.  On May 2, 2016, the court sentenced Emerine to an aggregate prison term of 31 and one-half years to life, followed by a mandatory term of 5 years' post-release control, and classified him as a Tier III sex offender.  ECF Doc. 5-1 at Exs. 1–2, Page ID# 47–50.

### B. Direct Appeal, Case No. 2016-T-0048

On May 13, 2016, Emerine, represented by counsel, appealed to the Ohio Court of Appeals, raising two assignments of error:

> **Assignment of Error I:** The trial court erred in refusing to instruct the jury on the lesser included offense.
>
> **Assignment of Error II:** Appellant's conviction was against the manifest weight of the evidence.

ECF Doc. 5-1 at Ex. 3–5, Page ID# 51–68.  On March 31, 2017, the court of appeals affirmed the judgment of the trial court.  ECF Doc. 5-1 at Ex. 7, Page ID# 95–108.  Emerine, *pro se*, appealed to the Ohio Supreme Court on April 24, 2017.  ECF Doc. 5-1 at Ex. 8, Page ID# 109. Emerine's memorandum in support of jurisdiction raised the following:

> **Proposition of Law I:** The offenses of sexual battery, gross sexual imposition, and attempted rape are lesser included offenses of rape and where the record

2

reasonably supports a finding on any lesser included offense, the denial of a requested jury instruction therefore violates due process of law.

**Proposition of Law II:** The lack of competent credible evidence to prove any essential element of a charged offense beyond a reasonable doubt renders a resulting conviction violative of due process of law.

ECF Doc. 5-1 at Ex. 9, Page ID# 110–17. On September 13, 2017, the Ohio Supreme Court declined jurisdiction. ECF Doc. 5-1 at Ex. 11, Page ID# 148.

### C. Application to Reopen Appeal

On April 21, 2017, Emerine filed a *pro se* application to reopen his direct appeal pursuant to Ohio App. Rule 26(B), alleging that his appointed counsel was ineffective for failing to argue that "[t]he trial court erred and abused its discretion by denying a mistrial when it was discovered that the prosecutor withheld key impeachment evidence in discovery, in violation of appellant's right to due process of law." ECF Doc. 5-1 at Ex. 12, Page ID# 147–51. Emerine moved for appointment of counsel to assist him. ECF Doc. 5-1 at Ex. 13, Page ID# 156–57.

The Ohio Court of Appeals denied the application on July 12, 2017, and the Ohio Supreme Court declined jurisdiction over Emerine's appeal from that decision on December 6, 2017. ECF Doc. 5-1 at Exs. 15 and 19, Page ID# 164–69, 197.

### D. Post-Conviction Petition

On June 15, 2017, Emerine *pro se* filed a petition to vacate or set aside judgment, moving for an evidentiary hearing and the appointment of counsel. ECF Doc. 5-1 at Exs. 20–22, Page ID# 198, 212–13, 214–15. Emerine asserted the following claims of error:

**Assignment of Error I:** Defendant was deprived of the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments where counsel failed to interview witnesses and failed to call any witnesses at trial.

**Assignment of Error II:** Defendant was deprived of the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments where counsel

3

> abrogated defendant's right to testify on his own behalf.
>
> **Assignment of Error III:** Misconduct of a witness and juror deprived Defendant of a fair trial by an impartial jury and of attendant due process of law.

*Id.* at 199–206. On August 1, 2017, the court summarily denied Emerine's petition, and denied Emerine's motions to appoint counsel and hold a hearing. ECF Doc. 5-1 at Exs. 21–22 and 25–26 Page ID# 212–16, 231–32. Emerine moved the court for the issuance of findings of fact and conclusions of law in support of the ruling. ECF Doc. 5-1 at Ex. 27, Page ID# 233. The court never issued any findings.

Emerine appealed, arguing that he was entitled to finding of fact and conclusions of law. ECF Doc. 5-1 at Exs. 28–29, Page ID# 235–53. On June 25, 2018, the Ohio Court of Appeals "dismissed" Emerine's appeal but remanded the case to the trial court with instructions to enter findings of fact and conclusions of law on Emerine's post-conviction petition. ECF Doc. 5-1 at Ex. 31, Page ID# 257–60.

On August 1, 2018, the trial court found that Emerine's ineffective assistance of counsel claims: (1) failed on the merits, because Emerine acquiesced in counsel's decision to not have him testify and counsel strategically decided not to call other witnesses; and (2) were barred by *res judicata*, because the record was sufficient to raise the issues on direct appeal. ECF. Doc 5-1 at Ex. 33, Page ID# 274–79. The court also found that Emerine failed to present sufficient evidence to support his witness and juror misconduct claim. *Id.* at 279–81. Thus, the trial court dismissed Emerine's petition. *Id.* at 281.

Emerine appealed On July 23, 2018, asserting the following assignment of error:

> **Assignment of Error I:** The trial court abused its discretion in its application of the doctrine of *res judicata* to Emerine's timely filed petition for post-conviction relief pursuant to O.R.C. § 2953.21 thus violating Emerine's rights under the

4

>Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 1 and 14 of the Ohio Constitution.

ECF Doc. 5-1 at Ex. 35, Page ID# 295–98. Emerine's appeal is currently pending.

### III. Federal Habeas Corpus Petition

On September 11, 2018, Emerine, through counsel, petitioned for a writ of habeas corpus from this court. ECF Doc. 1, Page ID# 1. Emerine's petition asserted four grounds for relief:

>**GROUND ONE:** The trial court, in response to petitioner's inquiry, erred when it failed to provide the jury with instructions regarding lesser included offenses.
>
>**Supporting Facts:** The evidence presented at trial supported Petitioner's request for instructions on the lesser included offenses of attempted rape and/or sexual battery based upon a lack of evidence proving penetration and force and/or threat of force.
>
>**GROUND TWO:** The convictions are against the manifest weight of the evidence.
>
>**Supporting Facts:** There was no competent and credible evidence to establish penetration and force and/or threat of force.
>
>**GROUND THREE:** Ineffective assistance of appellate counsel.
>
>**Supporting Facts:** Appellate Counsel was ineffective in failing to raise due process violation for withholding impeachment material.
>
>**GROUND FOUR:** Ineffective assistance of trial counsel and potential juror bias.
>
>**Supporting Facts:** The trial counsel failed to present an effective defense by failing to interview, prepare, and present testimony of defense witnesses and by failing to properly advise defendant of his right to testify. Additionally, evidence indicates potential bias by two jurors.

ECF Doc. 1, Page ID# 5–10. On November 16, 2018, Warden Sloan moved to dismiss Emerine's petition in its entirety as a mixed petition, because Emerine failed to exhaust his state court remedies on Ground Four. ECF Doc. 5. Thereafter, Emerine moved to stay proceedings and hold his petition in abeyance until the state appellate court resolves his postconviction appeal. ECF Doc. 6.

5

**IV.     Law and Analysis**

    **A.     Exhaustion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Emerine's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

Sloan argues that Emerine's Ground Four claim is unexhausted because the same issue is awaiting disposition in the Ohio Court of Appeals. ECF Doc. 5. Indeed, because Emerine's appeal does remain pending in the state court of appeals, he has not given the state courts a full opportunity to rule on his Ground Four claim. *O'Sullivan*, 526 U.S. at 845; *Manning*, 912 F.2d at 881; ECF Doc. 5-1 at Ex. 35, Page ID# 295–98. Thus, Emerine's Ground Four claim may not be considered by this court because it is unexhausted.

    **B.     Dismissal and Stay**

Because Emerine did not exhaust Ground Four, but exhausted his Grounds One through Three claims, his habeas petition is a "mixed petition". *See Rhines v. Weber*, 544 U.S. 269, 271, (2005). Warden Sloan argues that the court should dismiss Emerine's entire petition as a mixed

petition. ECF Doc. 5. Alternatively, Sloan contends that this court could dismiss only Emerine's unexhausted Ground Four claim and permit Emerine to amend his petition to delete any unexhausted claims. *Id.* In response, Emerine moves this court to stay proceedings and hold his petition in abeyance until his state post-conviction proceedings are completed. ECF Doc. 6.

When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice. *See Rose*, 455 U.S. at 510. When a mixed petition is dismissed, and the petitioner thereafter exhausts his state court remedies, the petitioner may file a new habeas petition without his petition being treated as an unauthorized second or successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). After AEDPA established a one-year statute of limitations on habeas petitions, however, the Supreme Court determined that the dismissal of an entire petition could potentially preclude the petitioner from bringing his already exhausted claims in a new petition. *See Rhines*, 544 U.S. at 274–75. To avoid statute of limitations problems, the Court held that district courts may use their inherent stay authority to hold in abeyance mixed habeas petitions in order to allow the petitioner the opportunity to bring unexhausted claims to conclusion in state court. *Id.* at 275 (noting that, without the use of inherent stay authority, habeas petitioners would run the risk of forever losing their opportunity for federal review of their unexhausted claims). Nonetheless, the Supreme Court warned that the frequent stay and abeyance of mixed federal habeas petitions could: (1) undermine AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings; and (2) decrease a petitioner's incentive to exhaust all his state claims before filing his federal petition. *Id.* at 277. Thus, before considering whether a stay is appropriate, the court should first determine whether the statute of limitations tolling provision under 28 U.S.C.

§ 2244(d)(2) preserve the opportunity to litigate the petitioner's already-exhausted claims in a new petition filed after the unexhausted claims were fully considered in state court. *Cf. id.* at 276–77 (noting that Congress enacted AEDPA against the backdrop of the total exhaustion requirement, and that included a tolling provision in 28 U.S.C. § 2244(d)(2) in order to balance the interests served by the exhaustion requirement and the limitation period).

AEDPA's one-year limitations period begins to run when: (1) the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review; (2) the improper state-created impediment to filing an application is removed; (3) the constitutional right asserted is recognized by the Supreme Court; or (4) the petitioner discovers, or could have discovered through due diligence, the factual predicate for his claim. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period is tolled for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Rhines*, 544 U.S. at 274.

An Ohio prisoner may properly file a post-conviction motion within 365 days of: (1) the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction; or (2) the date the time to file a timely direct appeal expired, if the defendant did not file a timely direct appeal. Ohio Rev. Code § 2953.21(A)(2). When a trial court dismisses a timely post-conviction petition, the court must "make and file findings of fact and conclusions of law with respect to such dismissal." Ohio Rev. Code § 2953.21(D).

If the petitioner's already-exhausted claims would not be tolled under 28 U.S.C. § 2244(d)(2), courts consider the following factors in determining whether to stay a habeas petition: (1) whether the petitioner had good cause for failing to exhaust his claims in state court; (2) whether the unexhausted claims are plainly meritless; and (3) whether the petitioner is

8

engaged in intentionally dilatory litigation tactics. *Id*. at 277–78. When a stay is not appropriate and AEDPA's statute of limitations would bar the petitioner from raising in a new petition his already-exhausted claims, the district court may permit the petitioner to amend his petition to remove his unexhausted claims and proceed on only his exhausted claims. *Id.* at 278.

Because Emerine filed his Ohio post-conviction petition within the time limit for filing such a petition, his statute of limitations for filing a federal habeas petition raising all of his claims was statutorily tolled under 28 U.S.C. § 2244(d)(2). ECF Doc. 5-1 at Ex. 20, Page ID# 198–207. Thus, if this court dismisses Emerine's entire mixed petition, AEDPA's one-year statute of limitations would not preclude Emerine from asserting Grounds One through Three in a timely-filed new habeas petition. Because the statute of limitations issues concerns addressed in *Rhines* are not present in this case, there is no need for the court to stay proceedings and hold Emerine's petition in abeyance while his state post-conviction proceedings are pending. Indeed, to impose a stay here would risk upsetting the principles of finality and comity that the Supreme Court warned could be impacted by unnecessary stays. *See Rhines*, 544 U.S. at 276–77. Further, because Emerine could bring all his claims in a new petition after exhausting his Ground Four claim, an order granting Emerine leave to amend his petition and proceed on his exhausted grounds could potentially preclude him from pursuing the full relief he now claims. *See* 28 U.S.C. § 2244 (providing that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless certain conditions are met).

I recommend that the Court GRANT Warden Sloan's motion to dismiss Emerine's petition, so that he can bring all his claims in a new petition after exhausting his Ground Four claim.

## V.     Conclusion

Because Emerine has filed a mixed petition containing exhausted claims that will not be statutorily barred if dismissed, I recommend that the court GRANT Sloan's motion to dismiss (ECF Doc. 5) and DENY Emerine's motion to stay proceedings (ECF Doc. 6).

Dated: February 12, 2019

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).