UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| JONATHAN EMERINE, | : | Case No. 4:18-cv-2079 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 5, 6, 7, 8] |
| WARDEN BRIGHAM SLOAN, | : | |
| Respondent. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Jonathan Emerine petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. However, Emerine has not yet exhausted his state remedies. The question is whether to dismiss the case without prejudice—as Respondent Sloan requests—or stay the case pending exhaustion—as Petitioner Emerine requests.

Magistrate Judge Parker issued a report and recommendation ("R&R") recommending that the Court dismiss the case without prejudice. Emerine objects and asks the case be stayed pending exhaustion.

For the following reasons, the Court **ADOPTS** the R&R, **DENIES** Petitioner's motion to stay, and **GRANTS** Respondent's motion to dismiss the case without prejudice.

### I. Background

An Ohio jury convicted Petitioner Emerine of rape and convicted Emerine of three counts of gross sexual imposition.[1] The trial court then sentenced Emerine to an indeterminate sentence of thirty-one and a half years to life in prison.[2] Emerine appealed

---

[1] Doc. 5-2 at 532–34.
[2] Doc. 5-1 at 10.

his conviction up to the Ohio Supreme Court, who declined review on September 13, 2017.[3]

On June 15, 2017, Emerine petitioned the Ohio trial court to vacate his conviction, arguing that his trial counsel was ineffective and that the jurors may have been biased.[4] Both the trial court and the Ohio Court of Appeals denied this petition.[5] Emerine then sought Ohio Supreme Court review; that request is still pending.

In September 2018, Emerine filed this habeas petition under 28 U.S.C. § 2254 arguing that: (i) the trial court failed to instruct the jury on lesser included offenses, (ii) his conviction is against the manifest weight of the evidence, (iii) his appellate counsel was ineffective, and (iv) his trial counsel was ineffective and the jurors were biased.[6]

Emerine's fourth argument mirrors his pending Ohio Supreme Court petition. Accordingly, Respondent Sloan moves to dismiss the case without prejudice, arguing that Emerine has not yet exhausted his state remedies.[7] Petitioner Emerine concedes this point but asks the Court to stay the case instead.[8] Magistrate Judge Parker generally agrees with Respondent.[9] Emerine objects.[10]

## II.     Discussion

Because Petitioner Emerine objected to Judge Parker's R&R in its entirety, the Court considers the R&R's findings and conclusions *de novo*.[11]

---

[3] *State v. Emerine*, 81 N.E.3d 1272 (Ohio 2017) (table decision).
[4] Doc. 5-1 at 160–69.
[5] *Id.* at 193; *State v. Emerine*, No. 2018-T-0064, 2018 WL 6839716 (Ohio Ct. App. Dec. 31, 2018).
[6] Doc. 1. Emerine's fourth claim for relief appears to actually be two different claims for relief, but he frames them as one.
[7] Doc. 5.
[8] Doc. 6.
[9] Doc. 7.
[10] Doc. 8.
[11] 28 U.S.C. § 636(b)(1)(C).

Case No. 4:18-cv-2079
Gwin, J.

A petitioner seeking federal habeas review under 28 U.S.C. § 2254 must first exhaust his state remedies.[12] Put simply, the petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[13] A federal court may not consider a habeas petition that presents both exhausted and unexhausted claims.[14]

Emerine's petition, however, does just that. His fourth claim for relief mirrors claims currently before the Ohio Supreme Court. Accordingly, the Court cannot consider the habeas petition.

The question then becomes what to do with the case. Generally, the Court should dismiss the case without prejudice—rather than issue a stay—unless doing so might time-bar the petitioner's case.[15] No such risk exists here.

A habeas petitioner is generally required to file his petition within one year of his conviction becoming final.[16] However, the one-year period is tolled while a petitioner's state post-conviction proceedings are pending.[17] Here, Emerine's conviction became final on December 12, 2017, when his time to seek review from the Supreme Court expired.[18]

However, Emerine's one-year clock was paused while his state petition to vacate judgment was pending. Except for forty-eight days between appeals, that case was pending from June 15, 2017 through the present.[19]

---

[12] 28 U.S.C. § 2254(b)(1)(A), (c).
[13] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[14] *Rose v. Lundy*, 455 U.S. 509, 522 (1982).
[15] *Rhines v. Weber*, 544 U.S. 269 (2005).
[16] 28 U.S.C. § 2244(d)(1).
[17] 28 U.S.C. § 2244(d)(2).
[18] *Taylor v. Palmer*, 623 F. App'x 783, 785 (6th Cir. 2015); *Craig v. Coleman*, No. 17-4099, 2018 WL 5281956, at *2 (6th Cir. April 18, 2018). Somewhat strangely, filing a federal habeas petition does not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).
[19] Emerine filed his petition with the trial court on June 15, 2017. Doc. 5-1 at 160–69. The trial court summarily denied that petition on August 1, 2017. *Id.* at 193. Emerine filed an appeal on September 18, 2017. *Id.* at 197. On June

Case No. 4:18-cv-2079
Gwin, J.

Accordingly, Emerine's habeas limitations period is currently paused. It will restart after the Ohio Supreme Court concludes its proceedings. At which point, Emerine will still have more than ten months to refile his habeas petition. Thus, the Court dismisses Emerine's petition without prejudice until he has exhausted his state remedies.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Parker's R&R, **DENIES** Petitioner's motion to stay, and **GRANTS** Respondent's motion to dismiss. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.


Dated: March 11, 2019            *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

25, 2018, the Ohio Court of Appeals reversed and remanded to the trial court, requiring findings of fact and conclusions of law. *Id.* at 219–22. On July 3, 2018, the trial court again denied Emerine's petition. *Id.* at 234–43. Emerine again appealed on July 23, 2018. *Id.* at 257. On December 31, 2018, the Ohio Court of Appeals affirmed. *State v. Emerine*, No. 2018-T-0064, 2018 WL 6839716 (Ohio Ct. App. Dec. 31, 2018). On January 28, 2019, Emerine sought review from the Ohio Supreme Court. Notice of Appeal, *State v. Emerine*, 19-0130 (Ohio Jan. 28, 2019).